Ronald E. Marshall, )  C.A. No. 2:09-1889-DCN-RSC
)
    Plaintiff, )
)
    -versus- )
)
**Mrs. M. Mitchell,** Individually )
and as Warden of Edgefield )
Federal Prison Camp; **Mr. W.** )
**Smith,** Individually and as )
Correctional Case Manager, ) **REPORT AND RECOMMENDATION**
Edgefield Federal Prison )
Camp; **Officer D. A. Watkins,** )
Individually and as )
Correctional Counselor, )
Edgefield Federal Prison )
Camp; **Mr. Sero,** Individually )
and as Regional Director, BOP )
Southeast Region, Atlanta, )
Georgia, and **United States of** )
**America,** )
)
    Defendants. )

This civil rights action brought pursuant to 42 U.S.C. § 1983 (2003)[1] and <u>Bivens v. Six Unknown Named Agents of Federal</u>

---

[1] Section 1983, titled a civil action for deprivation of rights, reads in relevant portion:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, or any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be

1

Bureau of Narcotics, 403 U.S. 388 (1971), by Ronald E. Marshall, a prisoner proceeding pro se and in forma pauperis, is before the undersigned United States Magistrate Judge for a report and recommendation on Defendants' motion for summary judgement. 28 U.S.C. § 636(b) (2001).

On July 15, 2009, Plaintiff brought suit in the United States District Court for the District of South Carolina against multiple employees of the Edgefield Federal Prison Camp,[2] including Mrs. M. Mitchell, warden of FCI Edgefield, Mr. W. Smith, Correctional Case Manager of FCI Edgefield, and Officer D. A. Watkins, Correctional Counselor of FCI Edgefield, and against Mr. Sero,[3] Regional Director of the Bureau of Prisons ("BOP") of the Southeast Region in Atlanta Georgia, and against the United States of America. Plaintiff alleged violations of his Eighth Amendment protection from cruel and unusual punishment for deliberate indifference to his personal health because of inhalation of second-hand tobacco smoke (Environmental Tobacco Smoke ("ETS")). He seeks fifty million dollars in damages and

---

        granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983.

[2] Edgefield Federal Prison Camp is correctly titled Federal Correctional Institute ("FCI") of Edgefield and will be so named hereinafter.

[3] Plaintiff used the name Mr. Sero. However, the correct name is Mr. Holt, and he will be so called hereinafter.

for the risk and exposure to such smoke be eliminated.

On October 16, 2009, Defendants filed a motion for summary judgment with various affidavits and exhibits. Plaintiff was provided a copy of Defendants' summary judgment motion, affidavits, and exhibits, and was given an explanation of dismissal and summary judgment procedure as well as pertinent extracts from Rules 12 and 56 of the Federal Rules of Civil Procedure similar to that required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). Plaintiff filed a response with his own affidavit to Defendant's motion on October 28, 2009. Hence it appears consideration of the motion is appropriate.

## SUMMARY JUDGEMENT STANDARD

The burden on summary judgment is on the defendant, as the moving party, to demonstrate the absence of any genuine issues of material fact. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). The facts themselves, and the inferences to be drawn therefrom, must be viewed in the light most favorable to the plaintiff, as the party opposing the motion. United States v. Diebold, 369 U.S. 654, 655 (1962); Poller v. Columbia Broad. Sys., Inc., 368 U.S. 464, 473 (1962).

In determining whether summary judgment may be granted, the district court must perform a dual inquiry into the genuineness and materiality of any purported factual issues. Though the burden of proof rests initially with the moving party, when a

motion for summary judgment is made and supported as provided in Rule 56, the nonmoving party must produce "specific facts showing that there is a genuine issue for trial," rather than resting upon the bald assertions of his pleadings. Fed. R. Civ. P. 56(e). See <u>First Nat'l Bank of Ariz. v. Cities Serv. Co.</u>, 391 U.S. 253, 289 (1968).

Genuineness means that the evidence must create fair doubt; wholly speculative assertions will not suffice. A trial exists to resolve what reasonable minds would recognize as real factual disputes. See <u>Cole v. Cole</u>, 633 F.2d 1083, 1089 (4th Cir. 1980); <u>Atl. States Constr. Co. v. Robert E. Lee & Co.</u>, 406 F.2d 827, 829 (4th Cir. 1969).

**FACTS**

The facts, either undisputed or taken in the light most favorable to the plaintiff as the nonmoving party, and all reasonable inferences therefrom, to the extent supported by the record, are as follow.

On October 1, 2005, the BOP instituted a national policy that required all BOP institutions be tobacco-free, prohibited smoking on the institutions' grounds, and determined that tobacco products could no longer be sold at the institutions. (Ex. 2, Decl. of Mary M. Mitchell 2; Ex. 3 Decl. of Wayne Smith 2; Ex. 4, Decl. of Pam Justice 2; Ex. 5, Decl. of Douglas Watkins 2.) In response to the national policy change, FCI Edgefield promulgated

4

an Institution Supplement which states that inmates are not permitted to smoke in or around the institution and those caught violating the rule were subject to disciplinary action. (Ex. 6.)

Plaintiff filed a verified affidavit with his response to the motion which must be taken as true for summary judgment purposes. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991). Plaintiff stated that he is a federal prisoner in the secured perimeter of FCI Edgefield where approximately 25% of inmates continuously smoke. (Aff. 1.) He is housed in cells which are right beside the bathroom where many inmates smoke causing him to be exposed to ETS continuously. (Id.) On May 5, 2009, and July 7, 2009, Plaintiff approached Counselor Watkins and requested to change cells which may have reduced his exposure to ETS. (Id.) However, his requests were denied. (Id.) Plaintiff then raised the issue of the risk of harm to Mrs. P. Justice, CCM, and Counselor D. Watkins of the unit team in November, 2008, May 7, 2009, and on or about August 10, 2009. (Aff. 1-2.) He also raised the issue to Mr. W. Smith on December 15, 2009, to Warden M. Mitchell on January 15, 2009, Director Holt on February 12, 2009, and to the BOP Central Office on May 11, 2009. (Id.)

Additionally, Plaintiff asserts that he is under treatment for "Cardiac-Hypertension," is taking 75 milligrams daily of a medication called Atenolol, a beta blocker which lowers heart rates, and has a "well documented history of cardiac

5

irregularities." (Aff. 2.)

Plaintiff alleges that Defendants have willfully disregarded his complaints and the risks of exposure to ETS and have made no efforts to mitigate the risks of harm. (Id.) However, Defendants assert that the FCI Edgefield staff is vigilant in enforcing the tobacco-free policy. (Mot. for Summ. J. 10; Ex. 2, Decl. of Mary M. Mitchell 3; Ex. 3 Decl. of Wayne Smith 3; Ex. 4, Decl. of Pam Justice 2-3; Ex. 5, Decl. of Douglas Watkins 3.) Moreover, routine searches of FCI Edgefield are conducted to ensure compliance. (Id.)

## **DISCUSSION**

A review of the record and relevant case law reveals that Defendants' motion for summary judgment should be granted.

Construing the pro se complaint liberally, it appears that Plaintiff seeks to sue Defendants in their official as well as their individual capacities. However, a plaintiff has no recourse against either the United States or against federal agents in their official capacities in an action under § 1983 and Bivens. Doe v. Chao, 306 F.3d 170, 184 (4th Cir. 2002). The doctrine of sovereign immunity protects the United States and its agents from suit unless it expressly consents to suit. United States v. Mitchell, 463 U.S. 206, 212 (1983). Here, there is no evidence of consent to suit. Thus, Plaintiff's claims fail against Defendants to the extent that he is suing Defendants in

their official capacities and must be dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1).

Next, Defendants must be subject to personal jurisdiction in the District of South Carolina. "The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgements of a forum with which he has established no meaningful contacts, ties, or relations." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 471-72 (1985) (quotations omitted). The Due Process Clause requires non-resident defendants to have minimum contacts with the forum State so it does not offend "traditional notions of fair play and substantial justice." Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 (1984). The court must consider the relationship between the defendant, the forum state, and the litigation to determine whether Due Process is satisfied. Rush v. Savchuk, 444 U.S. 320, 327 (1980). The non-resident defendant must have purposefully availed himself of the benefits and protections of the forum state's laws, and the claims against the defendant must arise out of those contacts. Hanson v. Denckla, 357 U.S. 235, 253 (1958). Such contacts must be sufficient for the defendant to "reasonably anticipate being haled into court there." Burger King, 471 U.S. at 474. Mere ownership of property within the forum state is insufficient for personal jurisdiction. Rush, 444 U.S. at 329.

Here, the District Court for the District of South Carolina

does not have personal jurisdiction over Defendant Holt. He does not live or work within South Carolina's jurisdiction as his office is located in Atlanta, Georgia. (Mot. for Summ. J. 6-7.) There is no evidence of any acts or contacts Defendant Holt has with South Carolina such that he would reasonably expect to be haled into court in South Carolina. Therefore, the South Carolina District Court does not have personal jurisdiction over Defendant Holt and any claims against Defendant Holt should be dismissed for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2).

Further, Plaintiff's claims fail to state a cognizable § 1983 and Bivens claim. Here, Plaintiff claims Defendants violated his constitutional right to be free from cruel and unusual punishment guaranteed by the Eighth Amendment of the United States Constitution. See U.S. Const. amend. VIII. The Supreme Court has held that an inmate has a claim under the Eight Amendment against a defendant for exposing a plaintiff to "levels of ETS that pose an unreasonable risk of serious damage to his future health" so long as it is proven that the act was done with deliberate indifference. Helling v. McKinney, 509 U.S. 25, 35 (1993). The plaintiff must also "prove both the subjective and objective elements necessary to prove and Eighth Amendment violation." Id. The adoption of a no smoking policy bears "heavily on the inquiry into deliberate indifference." Id. at 36.

negligence and require the plaintiff to establish the defendants acted with an indifference as would "offend evolving standards of decency." Estelle, 429 U.S. at 106 (quotation omitted). "[E]xtreme deprivations are required to make out a conditions-of-confinement claim. . . . Since routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Strickler v. Waters, 989 F.2d 1375, 1380 n.3 (4th Cir. 1993) (quotations omitted). "[A] prison official cannot be found liable under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994). The imperfect enforcement of a tobacco-free policy is not sufficient to show deliberate indifference. See Talal, 403 F.3d at 427; Franklin v. District of Columbia, 163 F.3d 625, 636 (D.C. Cir. 1998).

Here, as to the objective element, Plaintiff has not alleged any serious health problem resulting from his exposure to ETS. Moreover, the incidental exposure to ETS is one that today's society chooses to tolerate, and Defendant has not alleged or proven otherwise. There is no evidence of unreasonably high levels of ETS at the prison. Thus, Plaintiff has failed to prove or allege facts sufficient to satisfy the objective element to

10

prove an Eighth Amendment violation.

Furthermore, as to the subjective element, Defendants have a tobacco-free and no smoking policy in place which bears heavily on deliberate indifference. (Ex. 6.) The prison officials also stated that they enforce the tobacco-free and no smoking policies. (Mot. for Summ. J. 19; Ex. 2, Decl. of Mary M. Mitchell 3; Ex. 3 Decl. of Wayne Smith 3; Ex. 4, Decl. of Pam Justice 2-3; Ex. 5, Decl. of Douglas Watkins 3.) The prison officials are not expected to enforce such policies perfectly. In addition, Plaintiff has merely alleged that Defendants are negligent in enforcing the policies which is insufficient to prove deliberate indifference. Thus, Plaintiff has failed to meet the objective and subject elements required to make out a claim under Helling for an Eighth Amendment violation.

Finally, as an additional and alternative ground for dismissal, it appears that Defendants are entitled to qualified immunity as recognized by Harlow v. Fitzgerald, 457 U.S. 800 (1982), and its progeny.

## CONCLUSION

Accordingly, for the aforementioned reasons, it is recommended that Defendants' motion for summary judgment be granted and this matter ended.

Respectfully Submitted,

_Robert S. Carr_
Robert S. Carr

United States Magistrate Judge

Charleston, South Carolina
November 10, 2009

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).